IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANCES ATKINSON, | ) |
| | ) |
| Plaintiff, | )   2:05-cv-772 |
| v. | ) |
| | ) |
| OLDE ECONOMIE FINANCIAL | ) |
| CONSULTANTS, LTD. | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the court is a motion for summary judgment (Doc. No. 13) filed on or about February 27, 2006, by Olde Economie Financial Consultants, Ltd. ("defendant" or "OEFC"). By reason of this Court's exercise of its discretion to not retain supplemental pendant jurisdiction over state law claims in a case in which no federal claims remain, the court declines to determine the merits of the motion for summary judgment and will dismiss this action without prejudice to plaintiff's right to litigate her claims in the appropriate state court upon remand.

*Background*

Frances Atkinson ("plaintiff") commenced this action by Complaint in the Court of Common Pleas of Beaver County, Pennsylvania, on or about April 20, 2005. Plaintiff alleged claims that defendant was liable for damages of $99,999.97 for injuries that she suffered as a result of criminal activity by Bryan J. Hawes, who formerly worked as an OEFC broker.[1] Plaintiff's Complaint set forth three claims: (1) control person liability pursuant to section 20(a) of the Securities Exchange Act of 1934; (2) respondeat superior liability; and (3) negligent supervision.

Defendant removed this action to the United States District Court for the Western District

---

1. On April 8, 2004, Hawes pled guilty to two counts of mail fraud. On August 18, 2004, Chief Judge Donetta W. Ambrose sentenced Hawes to a prison term of 98 months and ordered him to make full restitution to plaintiff and to forty-six (46) other victims.

of Pennsylvania, pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1331, because plaintiff's first claim involved a question of federal law. Following conclusion of discovery, defendant moved for summary judgment, as noted above. In plaintiff's brief in opposition to defendant's motion for summary judgment, filed on or about March 27, 2006, plaintiff formally withdrew her control person liability claim under section 20(a) of the Securities Exchange Act, which left only state law claims pending in this action.

## *Analysis*

The only claims that remain in this case are the state law claims which allege respondeat superior liability and negligent supervision. The United States Supreme Court has long recognized that when a federal district court has original federal question jurisdiction over a case, it may exercise supplemental pendent and ancillary jurisdiction over state law claims that "derive from a common nucleus of operative fact." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966). Congress later codified the Gibbs decision. Pursuant to 28 U.S.C. § 1367(a), a district court may exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

Federal courts, however, have discretion not to exercise such supplemental jurisdiction. Once a federal court has determined that it has the power to decide state law issues under Article III, it then must decide whether to exercise jurisdiction by weighing factors such as judicial economy, fairness, convenience to litigants, whether state issues substantially predominate over federal claims, whether the state claim is closely tied to questions of federal policy, and whether trying the state and federal claims together would likely confuse jurors. Gibbs, 383 U.S. at 726-27. In 28 U.S.C. § 1367(c), the codification of supplemental jurisdiction, Congress provided that a district court has discretion not to exercise supplemental jurisdiction if, for example, there are

novel or complex issues of state law, the supplemental claim substantially predominates, the district court has dismissed all claims over which it has original jurisdiction, or there are other compelling reasons for declining jurisdiction.  See 28 U.S.C. § 1367(c).

In dictum in the Gibbs opinion, the Supreme Court stated that where "federal claims are dismissed before trial, . . . the state claims should be dismissed as well." 383 U.S. at 726.  A number of courts, however, have departed from this approach, believing that such "ironclad adherence to the Gibbs dictum would occasionally deserve the basic policies of pendent jurisdiction."  Fin. Gen. Bankshares, Inc. v. Metzger, 680 F.2d 768, 773 (D.C. Cir. 1982).[2]

The general approach is for a district court to follow the Gibbs dictum and hold that supplemental jurisdiction should not be exercised when there is no longer any basis for original jurisdiction.  The United States Court of Appeals for the Third Circuit has explained:

> If a court then determines that it lacks subject matter jurisdiction, it cannot decide the case on the merits.  It has no authority to do so. . . . If a case, over which the court lacks subject matter jurisdiction, was originally filed in federal court, it must be dismissed.  If it was removed from state court, it must be remanded. . . . The disposition of such a case will, however, be without prejudice.

In re Orthopedic "Bone Screw" Prods. Liab. Litig., 132 F.3d 152, 155 (3d Cir. 1997) (internal citations omitted).   However, there have been exceptional cases when a federal district court has retained a case involving only state law claims.  For example, in a case where the sole federal claim was dropped on the morning of trial, with the parties prepared to proceed and witnesses present, the court of appeals has held that the trial court did not err in continuing with the trial on the state claim.  Lentino v. Fringe Employee Plans, Inc., 611 F.2d 474, 480 (3d Cir. 1979).

Here, judicial economy, fairness, and convenience to the litigants does not mandate that

---

2. The Supreme Court in Rosado v. Wyman, 397 U.S. 397, 405 (1970), noted: "We are not willing to defeat the commonsense policy of pendent jurisdiction -- the conservation of judicial energy and the avoidance of multiplicity of litigation -- by a conceptual approach that would require jurisdiction over the primary claim at all stages as a prerequisite to resolution of the pendent claim."

3

this court retain jurisdiction. While the parties have completed discovery, the court notes that the basic Pennsylvania discovery rules were derived from the Federal Rules of Civil Procedure. Kevin A. Hess, Seth A. Mendelsohn, & Dale F. Shughart, Jr., PENNSYLVANIA CIVIL PRACTICE § 14.01 (4th ed. 2003). Likewise, while there are some differences between the Pennsylvania and Federal Rules of Evidence, the state rules closely follow the format of and borrow heavily from the federal rules. Edward D. Ohlbaum, OHLBAUM ON THE PENNSYLVANIA RULES OF EVIDENCE xi (2002). Other courts have agreed that where the state rules of discovery and evidence parallel the federal rules, there would be no need to duplicate discovery upon remand to state court, and thus there is no significant judicial economy to be gained by retaining federal jurisdiction over a case that no longer has a federal claim. See Metzger, 680 F.2d at 774; Litka v. Univ. of Detroit Dental Sch., 610 F. Supp. 80, 84 (S.D. Mich. 1985).

This case does not involve novel or complex issues of state law, as Pennsylvania courts have often presided over claims of respondeat superior[3] and negligent supervision[4]. There is no benefit to retain these claims in federal court, and it is possible "that state courts would provide a 'surer-footed reading of applicable law.'" Litka, 610 F. Supp. at 84 (quoting Gibbs, 383 U.S. at 726).

"A dismissal for lack of jurisdiction is plainly not a determination of the merits of a

---

3. "[I]t is well established that an employer is liable for the torts of his employees committed in the course of their employment." Schoenenberger v. Hayman, 465 A.2d 1335, 1339 (Pa. Commw. Ct. 1983) (citing, inter alia, RESTATEMENT (SECOND) OF AGENCY § 219 (1958)).

4. Pennsylvania courts have adopted RESTATEMENT (SECOND) OF TORTS § 317 (1965): "A master is under a duty to exercise reasonable care so to control his servant while acting outside the scope of his employment as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them, if (a) the servant (i) is upon the premises in possession of the master or upon which the servant is privileged to enter only as his servant, or (ii) is using a chattel of the master, and (b) the master (i) knows or has reason to know that he has the ability to control his servant, and (ii) knows or should know of the necessity and opportunity for exercising such control." Dempsey v. Walso Bureau, 246 A.2d 418, 420 (Pa. 1968).

claim. Ordinarily such a dismissal is 'without prejudice.'" <u>Korvettes, Inc. v. Brous</u>, 617 F.2d 1021, 1024 (3d Cir. 1980).  For the reasons hereinabove set forth, the court will dismiss this case without prejudice.  Pursuant to Federal Rule of Civil Procedure 41(b), this dismissal does not constitute an adjudication on the merits.  In addition, the Court will remand the case to the Court of Common Pleas of Beaver County, Pennsylvania, for consideration of the remaining state law claims of respondeat superior and negligent supervision.

      An appropriate Order follows.

                              McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANCES ATKINSON, | ) | |
| | ) | |
| Plaintiff, | ) | 2:05-cv-772 |
| v. | ) | |
| | ) | |
| OLDE ECONOMIE FINANCIAL CONSULTANTS, LTD. | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER OF COURT

AND NOW, this 4th day of August, 2006, upon consideration of (1) Plaintiff's on the record abandonment of her sole federal claim in this action, and (2) there being no other federal question pursuant to 28 U.S.C. § 1331, nor diversity jurisdiction pursuant to 28 U.S.C. § 1332 remaining in this case, the Court, pursuant to 28 U.S.C. § 1367(c), declines to exercise supplemental pendent jurisdiction over plaintiff's remaining claims.  It is **ORDERED, ADJUDGED and DECREED** that this action is hereby **DISMISSED WITHOUT PREJUDICE** and **REMANDED** to the Court of Common Pleas of Beaver County, Pennsylvania **FORTHWITH**, and Defendant shall be precluded from raising any defense premised upon a statute of limitations, unless such defense was properly raised before the district court.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Scott Lane, Esquire
Email: slane@edgarsnyder.com

Brian H. Simmons, Esquire
Email: bhsimmons@klettrooney.com
Karen Y. Bonvalot, Esquire
Email: kbonvalot@klettrooney.com